## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

REGIONS BANK,

     Plaintiff,

v.                            Case No.  5:22-cv-246-MW/MJF

GREATER DELIVERANCE
CHURCH, INC., AND SHERLENE
MCCLARY,

     Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Regions Bank ("Regions") commenced this civil action against Defendants Greater Deliverance Church ("the Church") and Sherlene McClary (the pastor of the Church) for damages arising from a breach of a modified promissory note and a breach of a commercial guaranty. Doc. 1. After Defendants failed to comply with the undersigned's order to respond or otherwise defend this action, Regions filed a "motion for default judgment." Doc. 21. For the reasons set forth below, the District Court should grant Regions' motion for default judgment against the Church and McClary and award Regions the requested damages and attorney's fees.

## I. BACKGROUND

A. <u>**Procedural Background**</u>

On October 18, 2022, Regions commenced this civil action and alleged that the Church breached a modified promissory note and McClary breached a commercial guaranty. Doc. 1. The Church is a nonprofit corporation. *Id.* McClary is the "pastor/overseer" of the Church. *See* Doc. 8.

On October 25, 2022, summonses for the Church and McClary were returned executed. Docs. 6, 7. On November 7, 2022, McClary—purportedly on behalf of the Church—filed a document that appeared to be a response to Regions' complaint. Doc. 8 at 1–12, 17–22. This "response" was deficient. Accordingly, on November 28, 2022, Regions filed a motion to strike it. Doc. 9. On January 30, 2023, the District Court referred this matter to the undersigned to "address preliminary matters and make recommendations regarding dispositive matters." Doc. 11 at 1.

On February 2, 2023, the undersigned granted Regions' motion to strike the Defendants' response. Doc. 12. The undersigned explained that McClary could not represent the Church because she was not an attorney. *Id.* at 4. The undersigned explained to McClary that she could

represent herself, however. *Id.* at 4 n.1. The undersigned further advised the Church that it could not proceed *pro se*. *Id.* at 3–5. The undersigned provided the Church until February 17, 2023, to obtain counsel. Additionally, the undersigned provided the Church—through its counsel—until March 2, 2023, to file a responsive pleading to Regions' complaint. *Id.* at 5, 10. The undersigned warned the Church that the failure to obtain counsel and file a responsive pleading could result in a default judgment against the Church.

The undersigned further advised Defendants—particularly, McClary—that the response she filed was deficient because it violated the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Florida. *Id.* at 5–10. The undersigned provided McClary until March 2, 2023, to file a responsive pleading. *Id.* at 9–10. The undersigned also warned McClary that her failure to comply could result in entry of a default judgment. *Id.* at 11.

Neither the Church nor McClary complied with the undersigned's order of February 2, 2023. On March 20, 2023, the undersigned issued two orders. Docs. 15, 16. The undersigned first ordered McClary to show cause for her failure to comply with the undersigned's order of February

2, 2023. Doc. 15 at 2. The undersigned provided McClary until April 3, 2023, to respond and warned her that the failure to respond could result in the clerk entering a default against her. *Id.* The undersigned also ordered the Church to obtain counsel. Doc. 16.

Again, neither the Church nor McClary complied with either of the respective orders of March 20, 2023. On April 27, 2023, Regions requested a clerk's default against both Defendants. Doc. 18. On May 19, 2023, the clerk of the court entered a clerk's default against both Defendants. Doc 19. Regions has now moved for default judgment against both Defendants. Doc. 21. Although this motion was served on both Defendants, neither the Church nor McClary has responded.

## B. **Factual Background**

### 1. *The October 2011 Promissory Note*

On October 6, 2011, the Church executed a "Corporate Resolution to Borrow/Grant Collateral." Doc. 1-1 at 1. This Corporate Resolution authorized McClary and her spouse—on behalf of the Church—to:

- borrow money from time to time from Regions on such terms that may be agreed upon and in such amounts as in their judgment should be borrowed;
- execute and deliver to Regions the promissory note or notes, or other evidence of the Church's credit accommodations on

Regions' forms evidencing the sums of money borrowed or any of the Church's indebtedness to Regions; and

- execute and deliver to Regions one or more renewals, extensions, modifications, refinancings, consolidations, or substitutions for one or more of the notes, any portion of the note, or any other evidence of credit accommodations.

*Id.* at 1; Doc. 1 ¶ 7.

Pursuant to the Corporate Resolution, on October 6, 2011, Regions and the Church agreed to renew an existing commercial loan made to the Church, which was a consolidation of the following commercial loans:

(a)     November 6, 1998, in the principal amount of $50,000.00;

(b)     December 30, 1999, in the principal amount of $77,000.00; and

(c)     February 2, 2001, loan in the principal amount of $190,000.00, as renewed on February 21, 2003, in the amount of $170,406.20.

Doc. 1 ¶ 8. To evidence the loan, McClary—on behalf of the Church—executed and delivered a promissory note to Regions in the principal amount of $194,930.24. Doc. 1-2 at 1; Doc. 1 ¶¶ 8–9 (the "October 2011 Note"). The Church agreed to repay the loan according to the terms set forth in the October 2011 Note, including by making monthly installment payments commencing November 6, 2011, with a final payment of all unpaid interest and principal on October 6, 2014. Doc. 1-2 at 1; Doc. 1 ¶

11. The October 2011 Note also included a provision which authorized Regions to collect its reasonable costs—including attorney's fees—if the Church did not pay. Doc. 1-2 at 1.

   McClary also executed a written continuing, unconditional, and unlimited commercial guaranty. In this guaranty, McClary promised to pay all the Church's obligations to Regions, including those pursuant to the October 2011 Note. Doc. 1-3; Doc. 1 ¶ 10. This commercial guaranty also includes a provision allowing Regions to collect costs and expenses—including reasonable attorney's fees and court costs—from McClary. Doc. 1-3 at 2.

   Pursuant to the executed October 2011 Note, the Church made monthly installment payments to Regions through March 2014. Doc. 1 ¶ 12.

### 2.    *The Bankruptcy Case and Modification of the Note*

   On April 2, 2014, the Church filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Doc. 1 ¶ 13; *In re: Greater Deliverance Church, Inc.*, Case No. 14-501140-KKS (Bankr. N.D. Fla.). Regions filed a claim for indebtedness due under the October 2011 Note. Doc. 1 ¶ 14; *see generally* Doc. 1-4. The Church and Regions agreed to the

treatment of Regions' claim under the October 2011 Note, and in accordance with the agreement, the Church proposed and confirmed a Chapter 11 Plan of Reorganization ("the Plan"). Doc. 1 ¶¶ 17–18; Doc. 1-4 at 3.

In relevant part, the Plan provided that the amount on the October 2011 Note was $179,824.28 "which [would] be paid at 5.55% interest amortized over ten (10) years with monthly payments of $1938.35 per month." Doc. 1-4 at 3. The Plan permitted Regions to record a "certified copy of the Plan and the Order Confirming the Plan . . . in the Public Records of Bay County, FL . . .." *Id.* According to the Plan, this would constitute "a modification of the terms of the recorded note and mortgage." *Id.* On October 30, 2015, United States Bankruptcy Judge Karen K. Specie confirmed the Plan. Doc. 1-5. Consistent with the Plan and Judge Specie's Order, Regions recorded a certified copy of the Church's Chapter 11 Plan and the Confirmation Order in the public records of Bay County, Florida ("the Modified Note"). Doc. 1 ¶ 21; *see* Doc. 1-5.

### 3.    *Failure to Make Payments on the Modified Note*

Through March 2018, the Church made twenty-seven payments under the Modified Note. The Modified Note matured on November 30, 2020. Doc. 1 ¶ 26. In January 2019 and thereafter, the Church failed to make the monthly installment payments. *Id.* ¶ 29. Because the Church defaulted on the Note, Regions demanded McClary pay the amounts owed by the Church to Regions, but McClary has failed to make any payments. *Id.* ¶ 41.

## II. STANDARD

Obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process. *Arreguin v. Sanchez*, 398 F. Supp. 3d 1314, 1321 (S.D. Ga. 2019). First, a party seeking a default judgment must first file an application for entry of default with the clerk of a district court. *Id.* Second, once a clerk has entered a default, the moving party may seek default judgment. *Id.* Notably, "a defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Before a court may enter a default judgment, it must ensure that the plaintiff's underlying claims are plausible. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015); *see*

*Marshall v. Baggett*, 616 F.3d 849, 852–53 (8th Cir. 2010); *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

The standard for a "default judgment is like a reverse motion to dismiss for failure to state a claim." *Surtain*, 789 F.3d at 1245. A plaintiff's well-pleaded factual allegations, which a defaulting defendant is deemed to have admitted, must state a plausible claim for relief. *Id.*; *see Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277 (11th Cir. 2005). When addressing a motion for a default judgment, a federal court must determine whether the plaintiff's complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the court determines that a plaintiff has not stated a plausible claim for relief, the court cannot grant the default judgment and instead must dismiss the claim. *See Surtain*, 789 F.3d at 1248; *Cotton*, 402 F.3d at 1294.

## III. DISCUSSION

### A.  <u>Regions Properly Obtained a Clerk's Default</u>

Regions properly served the complaint on the Church and McClary. Docs. 6, 7. The undersigned provided the Church two months to obtain

counsel and file a responsive pleading. The Church failed to comply with the undersigned's orders. Similarly, the undersigned provided McClary information regarding resources to assist her in drafting a *pro se* answer and extension of time to file an answer. McClary failed to comply with that order and failed to comply with the undersigned's order directing McClary to show cause. Thus, the clerk of the court properly entered defaults against the Church and McClary. Doc. 19.

**B.**   **Regions Plausibly Alleges Against the Church a Claim for Breach of the Modified Promissory Note**

Regions asserts one claim against the Church: a breach of the modified promissory note. Doc. 1 at 6. As relevant here, the promissory note states that Florida law will apply. Doc. 1-2 at 2.

Under Florida law, to state a cause of action for breach of a promissory note, a plaintiff must allege: (1) a valid contract; (2) a material breach; and (3) damages. *Wane v. Loan Corp.*, 926 F. Supp. 2d 1312, 1324 (M.D. Fla. 2013); *see Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) ("A promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another."); *Student Loan Mktg. Ass'n v. Morris*, 662 So. 2d 990, 991–92 (Fla. Dist. Ct. App. 1995). Some courts also require the

plaintiff to allege that the plaintiff is the owner and holder of the note. *See Dasma Invs. LLC v. Realty Assocs. Fund III, L.P.*, 459 F. Supp. 2d 1294, 1302 (S.D. Fla. 2006).

### 1.    *Plausible Allegation of the Existence of a Contract*

Under Florida law, "[t]o prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver,* 875 So. 2d 375, 381 (Fla. 2004)). "A promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another." *Reese*, 678 F.3d at 1216.

Regions' allegations are sufficient to establish that on October 6, 2011, the Church and Regions entered a valid contract for the renewal of an existing commercial loan, as evidenced by the October 2011 Note. Doc. 1-2 at 1; Doc. 1 ¶¶ 8–9. Regions plausibly alleged the terms of the agreement, namely, that the Church agreed to repay the loan through monthly installments payments commencing on November 6, 2011, with a final payment of all unpaid interest and principal on October 6, 2014. In addition to the allegations in the complaint, Regions attached to its

complaint a copy of the October 2011 Note signed by McClary on the Church's behalf. Doc. 1-2. The October 2011 Note sets forth the essential terms of the parties' agreement.

Regions further alleges that during the Bankruptcy proceedings, the Church and Regions agreed to the treatment of Regions' claim under the October 2011 Note. In accordance with the agreement, the Church proposed and confirmed the Plan (as stated above, a Chapter 11 Plan of Reorganization) that provided that the principal balance of the Note was $179,824.28, "which [would] be paid at 5.55% interest amortized over ten (10) years with monthly payments of $1938.35 per month. Payments [would] commence thirty (30) days after the effective date of confirmation. **The note and mortgage [would] balloon five years from the commencement of payments.**" Doc. 1-4 at 3. The Plan further provided that "a certified copy of the Plan and the Order Confirming Plan may be recorded in the Public Records of Bay County, FL and shall become a modification of the terms of the recorded note and mortgage." *Id*. Judge Specie confirmed the Plan in all respects. *See* Doc. 1-5 ¶¶ 1, 3, 7.

In accordance with the Plan and the Judge Species' order confirming the Plan, Regions recorded a certified copy of the Plan and the Confirmation Order in the public records of Bay County Florida. Doc. 1-4 at 3; Doc. 1-5 ¶¶ 1, 3, 7. Pursuant to the plain language of the Plan and Judge Species's order, this constituted a modification of the October 2011 Note. Doc. 1-4 at 3; Doc. 1-5 ¶¶ 1, 3, 7.

These allegations and attachments to the complaint are sufficient to plausibly allege that the Church entered a valid contract as evidenced by the Modified Note.

### 2.    *Plausible Allegation of a Breach and Damages*

Regions alleges that the Church failed to pay the amount due in January 2019 and all amounts due thereafter, including the balloon payment on the maturity date. By failing to respond to the complaint, the Church admits Regions' well-pleaded factual allegations. *Surtain*, 789 F.3d at 1245. The failure to pay the amount due under the promissory note constitutes a material breach of the Modified Note. *First Nat. Bank of Kissimmee v. Dunham*, 342 So. 2d 1021, 1022 (Fla. Dist. Ct. App. 1977); *see Student Loan Mktg. Ass'n*, 662 So.2d at 992.

Regions asserts it is entitled to recover the principal amount of the loan along with the interest accruing at a rate of 5.55% per annum. Doc. 1 ¶ 35. This is sufficient to allege damages. *Feldkamp v. Long Bay Partners, LLC*, 773 F. Supp. 2d 1273, 1284 (M.D. Fla. 2011) ("[A]n injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract.") *aff'd*, 453 F. App'x 929 (11th Cir. 2012).

Accordingly, Regions' allegations established the second and third element of a breach of contract claim: the Church breached the Modified Note and the breach caused Regions to suffer damages.

### 3.   *Plausible Allegation of Ownership of the Modified Note*

Here, Regions alleges that it is the owner and holder of the Modified note. Doc. 1 ¶ 23. It supports its allegations by submitting the October 2011 Note, the Plan, and the Order confirming the Plan. Each of these documents identify Regions as the lender entitled to payment. Doc. 1-4; Doc. 1-5. "The holder is person who is in possession of a document of title or an instrument or an investment security drawn, issued or endorsed to him." *Republic Bank of Chicago v. Gehrisch Ins. & Fin. Servs.*, No. 2:23-

cv-415-SPC-NPM, 2022 WL 3646067, at *3 (M.D. Fla. July 21, 2022) (quoting *Citibank v. Dalessio*, 756 F. Supp. 2d 1361, 1365 (M.D. Fla. 2010)). By failing to answer Regions' complaint, the Church admits that Regions is the owner and holder of the promissory note. *See Republic Bank of Chicago*, 2022 WL 3646067, at *3.

* * *

Because the allegations in the complaint—which the Church is deemed to have admitted—are sufficient to state a plausible claim for a breach of the Modified Promissory Note, the District Court should grant Regions' motion for default judgment against the Church.

## C.   <u>Regions Plausibly Alleges a Claim for Breach of the Guaranty Against McClary</u>

Regions asserts one claim against McClary: a breach of the guaranty. Doc. 1 at 6. The guaranty states that Florida law will apply. Doc. 1-3 at 2.

Under Florida law, a claim of "breach of a guaranty agreement is a straightforward state-law breach of contract claim." *Branch Banking & Tr. Co. v. DRK, Inc.*, No. 6:16-CV-2019-Orl-22DCI, 2017 WL 10080166, at *5 (M.D. Fla. Apr. 27, 2017) (quoting *PNC Bank, N.A. v. Starlight Props. & Holdings, LLC*, No. 6:13-cv-408-Orl-36KRS, 2014 WL 2574040,

at *8 (M.D. Fla. June 9, 2014)); *Ferguson Enters., Inc. v. Astro Air Conditioning & Heating, Inc.*, 137 So. 3d 613, 615 (Fla. Dist. Ct. App. 2014). To state a claim of breach of a guaranty agreement, the plaintiff must allege "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega*, 564 F.3d at 1272; *Wane*, 926 F. Supp. 2d at 1324.

### 1.    *Plausible Allegation of the Existence of a Contract*

"To prove the existence of a contract, a plaintiff must plead: (1) offer; (2) acceptance; (3) consideration; and (4) sufficient specification of the essential terms." *Vega*, 564 F.3d at 1272 (citing *St. Joe Corp.*, 875 So.2d at 381). "A contract of guaranty is the promise to answer for the payment of some debt or the performance of some obligation by another on the default of that third person who is liable in the first instance." *Brunswick Corp. v. Creel*, 471 So. 2d 617, 618 (Fla. Dist. Ct. App. 1985).

Regions alleges that on October 6, 2011, McClary signed a commercial guaranty promising to pay all obligations of the Church. Doc. 1 ¶ 10. Regions attached the copy of the guaranty signed by McClary. It states that McClary "absolutely and unconditionally guarantee[s] full and punctual payment and satisfaction of the indebtedness of [the

Church] to [Regions], and the performance and discharge of [the Church's] obligation under the Note . . .." Doc. 1-3 at 1; Doc. 1 ¶ 10.

The guaranty also provides that McClary would make any payments to Regions "on demand" and would "otherwise perform [the Church's] obligations under the Note and Related Documents." Doc. 1-3 at 1; Doc. 1 ¶ 10. These allegations, which have been deemed admitted, are sufficient to establish a valid contract between Regions and McClary. *See Ferguson Enters., Inc.*, 137 So. 3d at 615.

### 2. *Plausible Allegation of a Breach and Damages*

Regions alleges that upon the Church's default under the Modified Note, Regions demanded payment under the Modified Note from McClary. Doc. 1 ¶ 41. McClary did not pay the amounts owed by the Church to Regions. *Id.* The failure to pay constitutes a material breach of the contract. *See Ferguson Enters., Inc.*, 137 So. 3d at 615; *First Home Bank v. Old Nice Constr. Corp.*, No. 8:17-cv-2147-T-36-TGW, 2018 WL 4604378, at *3 (M.D. Fla. July 10, 2018). Finally, Regions alleges that McClary owes Regions principal amount of the loan along with the interest accruing at a rate of 5.55% per annum. Doc. 1 ¶ 34. Thus, Regions

plausibly alleges that it suffered damages. *See Ferguson Enters., Inc.*, 137 So. 3d at 615.

\* \* \*

Because Regions' well-pleaded allegations of the complaint—which McClary is deemed to have admitted—are sufficient to state a plausible claim for breach of the commercial guaranty, the District Court should grant Regions' motion for default judgment against McClary.

## D.    The District Court Can Award Damages Without a Hearing

When the record contains sufficient evidence from which the court can determine a plaintiff's damages, a federal court is not required to hold a hearing on this issue. *See Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015); *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, 743 F. App'x 390, 393 (11th Cir. 2018). Here, the record contains sufficient evidence from which the District Court can determine the amount of damages.

Regions has provided the Modified Note; a loan payoff statement dated June 17, 2023; and an affidavit signed by Robin Raymond. Raymond is the Vice President of Regions and the bank officer responsible for administering and collecting the loans—as evidenced by

the Modified Note—between Regions and the Church. These records reflect that the principal balance due under the Modified Note is $146,441.03. Doc. 1 ¶ 35; Doc. 21-1 at 9; *see* Doc. 21-7 at 1. Further, the records reflect that interest accrues at a rate of 5.55% per annum, which amounts to $22.58 per diem. Doc. 1 ¶ 18; Doc. 1-4; Doc. 1-5; Doc. 21-1 at 9; Doc. 21-7 at 1. As such, through June 16, 2023, the Defendants owe Plaintiff the following amounts:

| | | |
|---|---|---|
| (a) | Principal balance | $146,441.03 |
| (b) | Accrued Interest through June 16, 2023 at 5.55% per annum | 37,116.28 |

**(Interest continues to accrue at $22.58 per diem thereafter)**

TOTAL (excluding costs and attorneys' fees)    **$183,557.71**

Doc. 21-1 at 9; *see* Doc. 21-7 at 1.

Thus, Regions is entitled to $183,557.71 plus interest from June 16, 2023, through the date of judgment accruing at the rate of $22.58 per diem from both Defendants jointly and severally.

## E.    Entitlement to Attorney's Fees and Costs

Regions also seeks attorney's fees and costs related to its efforts in enforcing the guaranty and the Modified Note. Under Florida law, a court

may award attorney's fees and costs if the parties previously agreed in a contract to the award of such fees and costs. *Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989).

Here, the parties contractually agreed to the payment of reasonable attorney's fees and costs for enforcement of the guaranty and for efforts related to the collection of any debt under the Modified Note. Doc. 1-3 at 2; Doc. 1-2 at 1. Accordingly, Regions is entitled to attorney's fees and costs.

## III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.    **GRANT** Regions Bank's motion for default judgment, Doc. 21.

2.    **ENTER** default judgment against Greater Deliverance Church for breach of the promissory note and against Sherlene McClary for breach of the guaranty in the amount of $183.557.71 plus interest accruing at $22.58 per diem from June 16, 2023, through the date of judgment.

3.     **HOLD** that Regions is entitled to post-judgment interest under 28 U.S.C. § 1961.

4.     **RETAIN** jurisdiction to award costs and attorney's fees.

At Pensacola, Florida, this <u>31st</u> day of August, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**