UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

REGIONS BANK,

    Plaintiff,

v.                                       Case No. 5:22-cv-246-MW-MJF

GREATER DELIVERANCE
CHURCH, INC., AND SHERLENE
MCCLARY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this court on Plaintiff's motion for Costs and Attorney Fees, Doc. 26, and its motion to amend the final judgment, Doc. 27. Defendants have not responded to these motions. For the reasons set forth below, the undersigned respectfully recommends that the District Court grant in part and deny in part Plaintiff's motion for Costs and Attorney's Fees, and grant Plaintiff's motion to amend the final judgment.

I. BACKGROUND

On October 18, 2022, Plaintiff commenced this civil action and alleged that the Greater Deliverance Church, Inc., had breached a modified promissory note and that Sherlene McClary had breached her guaranty of the promissory note. Doc. 1. After Defendants failed to comply with the undersigned's orders to respond, Plaintiff filed a motion for a default judgment. Doc. 21.

On October 16, 2023, the District Court directed the clerk to enter judgment for Plaintiff:

> Judgment is entered against Defendant Greater Deliverance Church for breach of the promissory note and against Defendant Sherlene McClary for breach of the guaranty and in Plaintiff's favor in the amount of $183,557.71 plus interest accruing at $22.58 per diem from June 16, 2023, through the date of judgment.

Doc. 23 at 1. The District Court noted that Plaintiff was entitled to post-judgment interest and that the District Court retained jurisdiction to award costs and attorney's fees. *Id.* at 1–2. On October 16, 2023, the clerk of the court entered final judgment in favor of Plaintiff. Doc. 24.

On October 30, 2023, Plaintiff filed its first motion for attorney's fees and costs in which it sought $23,765.40 for attorney's fees and

$572.00 in costs. Doc. 26. One day later, Plaintiff filed its motion to amend the final judgment to award post-judgment interest at the federal rate from the date of the Judgment. Doc. 27 at 2. Defendants have not responded to either motion.

## II. DISCUSSION

A. <u>**Plaintiff's Motion for Costs and Attorney's Fees**</u>

### 1. *Plaintiff is Entitled to Litigation Costs*

Plaintiff first seeks to recover $572 in costs, which includes the $402 filing fee to commence this civil action and $170 for service of process. Doc. 26-1 at 1, 16.

Rule 54 of the Federal Rules of Civil Procedure provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Absent explicit statutory or contractual authorization for the taxation of the expenses . . ., federal courts are bound by the limitations set out in" 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). A court may tax as costs the "[f]ees of the clerk and marshal[.]" 28 U.S.C. § 1920(1). This includes the costs of private process server fees so long as the private process server's fees do not exceed the statutory fees authorized in section

1921. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). The statutory limit for fees charged by the United States Marshals Service for personal service are set forth in 28 C.F.R. § 0.114, which provides that the fee is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).

Because Plaintiff obtained a default judgment against Defendants, Plaintiff is the prevailing party in this case. *See Buckhannon Bd. & Care Home, Inc. v. W.Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 (2001); *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Plaintiff, therefore, is entitled to an award of costs under Rule 54(d). This includes the $402 filing fee that was paid to commence this action and the service fees.

As for the service fees, according to Plaintiff's records, the private process server charged:

- $85.00 to serve the complaint and summons on Defendant Greater Deliverance Church Inc.; and

- $85.00 to serve the complaint and summons on Defendant Sherlene McClary.

Doc. 26-1 at 14. This documentation, however, does not provide an explanation for the extra $20 per service attempt. That is, it is unclear whether this was part of travel costs or out-of-pocket expenses for the process server. Therefore, the undersigned recommends limiting the cost of service of each of the summons and complaint to $65. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 645 (S.D. Fla. 2007).

In total, the undersigned recommends Plaintiff recover costs of $532.00 (the $402 filing fee and $130 for service of process).

## 2. *Plaintiff is Entitled to Attorney's Fees*

Federal jurisdiction in this civil action is premised on diversity of citizenship. A federal court sitting in diversity applies the substantive law of the forum in which it sits. *LaTorre v. Conn. Mut. Life Ins. Co.,* 38 F.3d 538, 540 (11th Cir.1994). Thus, Florida law applies. *See also* Doc. 1-2 at 2 (noting Florida law governs the promissory note); Doc. 1-3 at 2 (noting Florida law governs the guaranty).

Under Florida law, a court may award attorney's fees and costs if the parties previously agreed in a contract to the award of such fees and costs. *Gibson v. Courtois*, 539 So. 2d 459, 460 (Fla. 1989); *see Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004).

As relevant here, the modified promissory note includes a provision entitled "Attorneys' Fees; Expenses," which states:

> Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender the amount of these costs and expenses, which includes, subject to any limits under applicable law, Lender's reasonable attorneys' fees and Lender's legal expenses whether or not there is a lawsuit . . . .

Doc. 1-2 at 1.

Similarly, the guaranty includes a provision titled "Attorneys' Fees; Expenses," which states:

> Guarantor agrees to pay upon demand all of Lender's costs and expenses, including Lender's reasonable attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Guaranty. Lender may hire or pay someone else to help enforce this Guaranty, and Guarantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's reasonable attorneys' fees and legal expenses whether or not there is a lawsuit . . . .

Doc. 1-3 at 2. In light of these contractual agreements, Plaintiff is entitled to recover attorney's fees reasonably incurred in enforcing the terms of the promissory note and guaranty. *See Provident Bank v. Miller*, No. 22-CV-81665, 2023 WL 3079700, at *2 (S.D. Fla. Apr. 4, 2023).

The "lodestar" method is used to calculate reasonable attorney's fees. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292,

1299 (11th Cir. 1988); *Fla. Patient's Compensation Fund v. Rowe,* 472 So. 2d 1145, 1150 (Fla. 1985). The lodestar method requires a court to multiply the number of hours reasonably expended on a case by a reasonable hourly rate. *Norman*, 836 F.2d at 1299.

### (a). <u>Reasonable Hourly Rate</u>

A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*; *see Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The relevant community is the place where the case was filed. *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman*, 836 F.2d at 1299. The requesting party may do so by adducing "direct evidence of charges by lawyers under similar circumstance or by opinion evidence." *Id.* Sufficient evidence entails "more than the affidavit of the attorney performing the work." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam); *see* N.D. Fla. Loc. R. 54.1(E)(2) ("If the Court determines that a party is entitled to a

fee award, the party must file . . . [a] declaration of an independent attorney addressing the reasonableness of the claimed time and rates.").

Here, Plaintiff asks for the following hourly rates for each of the attorneys and paralegal that worked on the case:

| Dates | Attorney or Paralegal | Hourly Rate |
|---|---|---|
| 8/15/18-2/25/22 | W. Patrick Ayers, Counsel | $400 |
| 3/1/22-10/27/23 | | $412 |
| | | |
| 8/23/22–11/15/22 | Dana Robbins, Associate | $263 |
| | | |
| 10/13/22–10/27/23 | Denise Morse, Paralegal | $175 |

Doc. 26-2 at 2 ¶ 13.[1]

As to the reasonableness of the requested rates, Plaintiff attached the declaration of attorney W. Patrick Ayers. Doc. 26-2. Mr. Ayers attests that the rates identified above are discounted rates and "reflect the skill and experience of the persons performing the work and services in business and commercial matters such as this action, and those rates and

---

[1] The pages number cited herein reference the page number found at the bottom center of Mr. Ayers's declaration.

the services performed are and were necessary and reasonable in the market place." *Id.* at 3 ¶ 16. Specifically, Mr. Ayers explains:

- he has been a licensed attorney in the State of Florida since 1986; and

- he is rated "AV® Preeminent by Martindale-Hubbell."

*Id.* at 1 ¶¶ 7–8. Mr. Ayers, however, did not provide relevant information necessary to assess reasonable hourly rates for Ms. Robbins and Ms. Morse. Regardless, an affidavit of the attorney performing the work alone is insufficient to establish that the requested rates are within the prevailing market rates. *Loranger*, 10 F.3d at 781; *see* N.D. Fla. Loc. R. 54.1(E)(2).

Defendants—by virtue of their failing to respond to Plaintiff's motion—did not contest the hourly rates asserted by Plaintiff. N.D. Fla. Loc. R. 54.1(F); N.D. Fla. Loc. R. 7.1(E), (H). Nevertheless, district courts have a duty to ensure that the requested rates are reasonable, and a district court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303.

**Mr. Ayers's Requested Rate is Not Reasonable.** Recent decisions from courts in the Northern District of Florida indicate that Mr. Ayers's requested rates—$400 and $412 per hour—are above the prevailing rates in this market. *Brier v. De Cay*, No. 3:16-cv-142-MCR-CJK, 2019 WL 1338422, at *3 (N.D. Fla. Feb. 21, 2019), *report and recommendation adopted*, 3:16-cv-142-MCR-CJK, 2019 WL 1331281 (N.D. Fla. Mar. 25, 2019) (rejecting an hourly rate of $450 as unreasonable in diversity/breach of contract case and instead finding that $350 was a reasonable hourly rate); *Michleski v. Collection Bureau of Ft. Walton Beach, Inc.*, No. 5:22-cv-203-TKW-MJF, 2023 WL 2778772, at *2 (N.D. Fla. Mar. 29, 2023) (rejecting an hourly rate of $500 and concluding $350 is a reasonable hourly rate); *Blais v. Williston Crossing E., LLC*, No. 1:20-cv-21-AW-GRJ, 2020 WL 10728692, at *3 (N.D. Fla. Aug. 13, 2020) (rejecting an hourly rate of $465 and instead finding that $375 was a reasonable hourly rate). Therefore, the undersigned recommends reducing Mr. Ayers's hourly rates to $350 and $375 respectively.

**Ms. Robbin's Requested Rate is Reasonable.** An hourly rate of $250 to $300 per hour is reasonable for associates. *See Austin v. Univ. of*

*Fla. Bd. of Trustees*, No. 1:21CV184-MW/HTC, 2023 WL 7932477, at *4 (N.D. Fla. Nov. 9, 2023); *Michleski*, 2023 WL 2778772, at *2; *Blais*, 2020 WL 10728692, at *3, 5. The District Court, therefore, should award the rate of $263 per hour for the work done by Ms. Robbins.

**Ms. Morse's Rate is Not Reasonable.** The requested rate for Ms. Morse is above the prevailing rate for paralegals in this market. *Michleski*, 2023 WL 2778772, at *2 (finding a requested rate of $150 unreasonable, and awarding a rate of $100 per hour); *Julius v. Waste Pro of Fla., Inc.*, No. 5:22-CV-37-MW/MJF, 2023 WL 2731704, at *8 (N.D. Fla. Mar. 8, 2023) (awarding $125 and $115 based on years of experience); *Howard v. Waste Pro of Fla., Inc.*, No. 4:22-CV-53-MW/MAF, 2022 WL 19403200, at *8 (N.D. Fla. Dec. 20, 2022) (awarding $125 per hour for an paralegal with 30 years of experience in the legal field); *Freeman v. Olin Corp.*, No. 5:12-CV-6-RS-GRJ, 2012 WL 4511028, at *1 (N.D. Fla. Oct. 2, 2012) (awarding $140.00 per hour for a paralegal).

Because Plaintiff failed to provide information as to Ms. Morse's qualifications and experiences, the undersigned recommends reducing her rate to $140 per hour which is the upper end of rates found within the relevant legal market.

\*\*\*

The undersigned's recommendation as to the reasonable hourly rates for Mr. Ayers, Ms. Robbins, and Ms. Morse are illustrated in the chart below.

| Dates | Attorney or Paralegal | Hourly Rate |
|---|---|---|
| 8/15/18-2/25/22 | W. Patrick Ayers, Counsel | $350.00 |
| 3/1/22-10/27/23 | | $375.00 |
| | | |
| 8/23/2022-11/15/22 | Dana Robbins, Associate | $263.00 |
| | | |
| 10/13/22-10/27/23 | Denise Morse, Paralegal | $140.00 |

**(b).   Hours Expended by Plaintiff's Attorneys**

In assessing the time expended litigating a case, attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011) (quotation marks omitted). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.*; *see also Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam) (noting that

the district court "may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut"); *Barnes*, 168 F.3d at 428 ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'").

Plaintiff has submitted a report of the time expended by Plaintiff's counsel. Doc. 26-1. This report includes a detailed description of the work or services performed. Plaintiff seeks compensation for 66 hours. The total number of hours expended is set forth below:

| Dates | Attorney or Paralegal | Hours |
|---|---|---|
| 8/15/18-2/25/22 | W. Patrick Ayers, Counsel | 9.6 |
| 3/1/22-10/27/23 | | 40.2 |
| | | |
| 8/23/2022-11/15/22 | Dana Robbins, Associate | 6.0 |
| | | |
| 10/13/22-10/27/23 | Denise Morse, Paralegal | 10.2 |
| | | |
| **Total** | | **66.0** |

District courts are required to scrutinize the hours claimed by counsel. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."). The hours detailed by Plaintiff appear reasonable. There is, however, a small discrepancy between the report and the requested hours. According to Plaintiff's report, Plaintiff's counsel expended 63.4 hours, not the 66 hours stated by Plaintiff in Mr. Ayer's declaration. Because 63.4 hours appears reasonable, the undersigned recommends reducing the number of hours to 63.4 to reflect the hours in Plaintiff's report:

| **Dates** | **Attorney or Paralegal** | **Number of Hours** |
|---|---|---|
| 8/15/18-2/25/22 | W. Patrick Ayers, Counsel | 9.1 |
| 3/1/22-10/27/23 | | 38.4 |
| | | |
| 8/23/2022-11/15/22 | Dana Robbins, Associate | 6 |
| | | |
| 10/13/22-10/27/23 | Denise Morse, Paralegal | 9.9 |
| | | |
| **Total** | | 63.4 |

**(c). Lodestar Summary**

Based on the reasonable hourly rates and the number of hours expended, the lodestar amount is $20,895.50, as reflected in the chart below.

| Dates | Attorney | Hourly Rate | Number of Hours | Amount of Fees |
|---|---|---|---|---|
| 8/15/18-2/25/22 | W. Patrick Ayers, Counsel | $350 | 9.1 | $3,185.00 |
| 3/1/22-10/27/23 | | $375 | 38.4 | $14,400.00 |
| **Subtotal** | | | | **$17,585.00** |
| | | | | |
| 11/24/20-5/12/22 | Dana Robbins, Associate | $263 | 6 | **$1,578.00** |
| | | | | |
| 6/29/21-9/17/21 | Denise Morse, Paralegal | $140 | 9.9 | **$1,386.00** |
| | | | | |
| **Grand total** | | | **63.4** | **$20,549.00** |

**(d). No Further Adjustment is Necessary**

Determining the lodestar amount is not the end of the inquiry. Courts must also consider whether the lodestar amount is reasonable. *See Atlanta J. & Const. v. City of Atlanta Dep't of Aviation*, 442 F.3d

Page 15 of 19

1283, 1289 (11th Cir. 2006). In making that determination, courts may consider the following factors

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Maner v. Linkan LLC*, 602 F. App'x 489, 493 (11th Cir. 2015) (per curiam).

Defendants have not challenged the lodestar amount and have not suggested that this figure be adjusted. Based on the record, none of the factors listed above calls for a reduction of the lodestar amount. Accordingly, the undersigned recommends that the District Court award Plaintiff **$20,549.00** in attorney's fees.

## B. <u>Plaintiff's Motion to Alter the Judgment</u>

Plaintiff also requests that the District Court amend the Final Judgment, Doc. 27. Defendants did not respond to this motion.

Within twenty-eight days after entry of a judgment, a party may file a "motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *MacPhee v. MiMedx Grp. Inc.*, 73 F.4th 1220, 1250 (11th Cir. 2023) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Here, Plaintiff requests that the District Court amend the Judgment to "award post-judgment interest on the damages awarded from, and specify the applicable rate interest as published by the Board of Governors of the Federal Reserve System for the week preceding, October 16, 2023." Doc. 27 at 3. In support, Plaintiff notes that the District Court determined "Plaintiff is entitled to post-judgment interest." Doc. 23 at 1. Furthermore, 28 U.S.C. § 1961(a) provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court."

The undersigned recommends that the District Court amend the judgment to reflect that Plaintiff is entitled to post-judgment interest.[2] *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, No. 05-80359-CIV, 2006 WL 8435137, at *4 (S.D. Fla. Aug. 25, 2006) (granting motion to amend judgment to include that plaintiff was entitled to post judgment interest), *aff'd*, 268 F. App'x 837 (11th Cir. 2008).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully recommends that the District Court:

1. **GRANT IN PART** and **DENY IN PART** Plaintiffs' motion for attorney's fees, Doc. 26.

2. **AWARD** Plaintiffs litigation costs in the amount **$532.00** and attorney's fees in the amount of **$20,549.00**

---

[2] Such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield . . . for the calendar week preceding the date of the judgment . . . . Interest shall be computed daily to the date of payment." In this case, the applicable rate from the prior week preceding the date of October 16, 2023, is 5.43%.

3. **GRANT** Plaintiff's motion to amend the judgment, Doc. 27, and amend the judgment to note that Plaintiff is entitled to post-judgment interest.

**SO ORDERED** this 25th day of January, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**