IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

REGIONS BANK,

    *Plaintiff*,

v.                                        Case No.: 5:22cv246-MW/MJF

GREATER DELIVERANCE
CHURCH, INC., et al.,

    *Defendants*.

_____/

## ORDER ACCEPTING AND ADOPTING
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation. ECF No. 28. The Magistrate Judge recommends that this Court grant in part Plaintiff's motion for attorney's fees and grant Plaintiff's motion to amend the judgment to note that Plaintiff is entitled to post-judgment interest.

This Court agrees with the ultimate award of fees that the Magistrate Judge recommends, however, this Court does not agree with the method by which the Magistrate Judge reached this recommendation. Specifically, the Magistrate Judge recommends that the hourly rates that Plaintiff's counsel, Mr. Ayers, has requested are unreasonable and that this Court should reduce his rates to $300–$350. To support this recommendation, the Magistrate Judge cites to cases from the Northern District of Florida, ruling on fee motions in Pensacola, Panama City, and

Gainesville, and rejecting the requested hourly rates as unreasonably high. *See id*. at 10 (listing cases). But this misapplies the standard for determining whether a requested hourly rate is reasonable. The cases the Magistrate Judge cites involve different lawyers with different levels of experience who litigated different legal issues to varying degrees of involvement. In short, the Magistrate Judge is comparing apples to oranges, contrary to the Eleventh Circuit's command that this Court consider "the prevailing market rate *in the relevant legal community* for *similar services* by *lawyers of reasonably comparable skills, experience, and reputation*." *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (emphasis added).

This Court must look to the relevant legal market—in this case, Panama City—the individual lawyer's relevant experience, and the type of case at issue to determine whether the fee request is reasonable. This Court agrees that the motion itself, while uncontested, is poorly supported and, based on this Court's own experience, $300–$350 is a reasonable hourly rate for Mr. Ayers's work in this case, which involved a simple breach of contract that went uncontested and resulted in a default judgment. But this Court categorically rejects the practice in this district of simply citing other cases awarding similar fee awards notwithstanding the fact that these cases involve different skill levels, different issues, different levels of work,

and even different legal markets. Accordingly, upon consideration, no objections having been filed by the parties,

**IT IS ORDERED:**

The report and recommendation, ECF No. 28, is **accepted and adopted as modified by this Order** as this Court's opinion. Plaintiff's motion for attorney's fees, ECF No. 26, is **GRANTED in part and DENIED in part**. Plaintiff is entitled to litigation costs amounting to $532.00 and attorney's fees in the amount of $20,549.00. Plaintiff's motion to amend judgment, ECF No. 27, is **GRANTED**.

The Clerk shall enter an amended judgment stating, "Judgment is entered against Defendant Greater Deliverance Church for breach of the promissory note and against Defendant Sherlene McClary for breach of the guaranty and in Plaintiff's favor in the amount of $183,557.71, plus interest accruing at $22.58 per diem from June 16, 2023, through the date the judgment was originally entered, October 16, 2023, in addition to $532.00 for litigation costs, $20,549.00 in attorney's fees, and post-judgment interest accruing at the rate of 5.43% per diem from the date judgment was originally entered, October 16, 2023, to the date of payment."

**SO ORDERED on February 23, 2024.**

**s/Mark E. Walker**  
**Chief United States District Judge**
